United States District Court
Southern District of Texas
**ENTERED**
August 27, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TERRY MATTHEW DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00143 |
| | § | |
| T. CONTRERAS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Terry Matthew Davis ("Plaintiff"), a Texas inmate confined at the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID")'s McConnell Unit in Beeville, Texas, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. No. 1.)  This case has been referred to the undersigned for pretrial management and recommendations on dispositive matters, pursuant to 28 U.S.C. § 636.

Plaintiff initially filed this case in the Houston Division of the Southern District of Texas on June 13, 2024.[1]  (Doc. No. 1.)  Plaintiff's case was transferred to the Corpus Christi Division on June 24, 2024, because his allegations center on events that allegedly occurred during Plaintiff's confinement at TDCJ-CID's McConnell Unit in Beeville, Texas, which is within the jurisdictional boundaries of the Corpus Christi Division.  (Doc. No. 3.)  In his complaint, Plaintiff alleges that TDCJ Correctional Officer T. Contreras harassed and sexually assaulted Plaintiff, slandered Plaintiff, and wrote false statements "to cover her wrongs."  (Doc. No. 1, pp. 2-3.)

---

[1] *See Davis v. T. Contreras*, Case No. 4:24-cv-02290 (S.D. Tex.).

After this case was transferred to the Corpus Christi Division, this Court issued a Notice of Deficient Pleading on June 25, 2024, notifying Plaintiff that he must either pay the filing fee of $405.00 or submit a fully completed motion to proceed *in forma pauperis* along with a certified copy of the trust fund account statement (or institutional equivalent for the six-month period preceding the filing of the complaint). (Doc. No. 6.) Plaintiff was warned that failure to comply with the Notice of Deficient Pleading within 30 days may result in his case being dismissed for want of prosecution. *Id*. Plaintiff did not respond.

On July 26, 2024, the Court issued a show-cause order, directing Plaintiff to submit the requested information by August 16, 2024, and warned Plaintiff that failure to comply would result in dismissal of his case. (Doc. No. 7.) Plaintiff has not responded to this order either.

A district court may dismiss a case for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant."). To date, Plaintiff has not satisfied the requirements to pursue his 42 U.S.C. § 1983 case. The Court has twice advised Plaintiff, through a Notice of Deficient Pleading and the show-cause order, that this action would be dismissed if he failed to comply with these court orders. (Doc. Nos. 6, 7.) Plaintiff has repeatedly failed to follow court orders by either paying the filing fee or submitting the required information in support of an application to proceed *in forma pauperis*. Plaintiff received multiple warnings that this failure may result in the dismissal of this action. For these reasons, the undersigned finds that the dismissal of this case is appropriate.

Accordingly, the undersigned recommends that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of this Memorandum and Recommendation, any party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that are accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

SIGNED on August 26, 2024.

MITCHEL NEUROCK
United States Magistrate Judge